N THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TONI Y. NEELEY                                                                                               PLAINTIFF

vs.                                       Civil No. 4:12-cv-04076

CAROLYN W. COLVIN                                                                                    DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Toni Y. Neeley ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.     Background:**

Plaintiff protectively filed her disability application on September 1, 2010. (Tr. 15, 114). Plaintiff alleges being disabled due to bipolar disorder, migraines, plantar fasciitis, obstructive sleep apnea, restless leg syndrome, asthma, a lesion on her brain, and high blood pressure. (Tr. 133). Plaintiff alleges an onset date of February 1, 2007. (Tr. 15, 114). This application was denied initially and again upon reconsideration. (Tr. 55-56).

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 68-76). An administrative hearing was held on June 16, 2011 in Texarkana,

Arkansas. (Tr. 25-54). At the administrative hearing, Plaintiff was present and was represented by Randolph Baltz. *Id.* Plaintiff and Vocational Expert ("VE") Harrison Rousing testified at this hearing. *Id.* On the date of this hearing, Plaintiff was thirty-eight (38) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c). (Tr. 29). Plaintiff also testified at this hearing that she had completed high school and "some college." (Tr. 29-30).

On June 28, 2011, subsequent to the hearing, the ALJ entered an unfavorable decision on Plaintiff's application. (Tr. 15-24). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 1, 2010 (her application date). (Tr. 17, Finding 1). The ALJ determined Plaintiff had the following severe impairments: plantar fasciitis; sleep apnea; asthma; degenerative joint disease (right ankle and knee); status post hernia repair; hypertension; morbid obesity; and bipolar disorder. (Tr. 17, Finding 2). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 17-19, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 19-22, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) in that she can lift and carry 10 pounds occasionally, less than 10 pounds frequently, stand and walk for at least 2 hours of an 8 hour work day and sit for 6 hours of an 8 hour work day except limited simple routine tasks with no more than occasional contact with the general public. She can occasionally climb ramps/stairs, balance, stoop, kneel and crouch; and avoid concentrated exposure to fumes, odors, dust, gases and poor ventilation.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff did not have any PRW. (Tr. 22, Finding 8). The ALJ also evaluated whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 23). The VE testified at the administrative hearing regarding this issue. (Tr. 22-23, 25-54). Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform other occupations such as "addresser" (sedentary, unskilled) with 139,000 such jobs in the United States and 4,300 such jobs in Texas and "assembler" (sedentary, unskilled) with 289,000 such jobs in the United States and 6,800 such jobs in Texas.[1] (Tr. 23). Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 22-23, Finding 9). The ALJ then determined Plaintiff had not been under a disability as defined by the Act at any time from September 1, 2010 (her application date). (Tr. 23, Finding 10).

On August 11, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 10). On May 2, 2012, the Appeals Council declined to review this disability determination. (Tr. 1-4). On July 5, 2012, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 11-12. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

---

[1] While the VE testified regarding jobs in Texas and the National Economy, the relevant standard is whether the claimant retains the capacity to perform other work in the National Economy. *See* 20 C.F.R. § 416.960(c)(2).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience);

(4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 11. Specifically, Plaintiff claims the following: (1) the ALJ erred in assessing her RFC; (2) the ALJ erred in assessing the credibility of her subjective complaints; (3) the ALJ erred in assessing her low Global Assessment of Functioning ("GAF") scores; and (4) the ALJ erred in finding she retained the capacity to perform other work. *Id.* In response, Defendant argues the ALJ properly considered the medical evidence of record in determining Plaintiff's RFC; and the ALJ properly analyzed Plaintiff's subjective complaints and discounted them for legally-sufficient reasons. ECF No. 12. Because the ALJ erred by failing to fully evaluate her Global Assessment of Functioning ("GAF") scores of 50 and below, this Court finds Plaintiff's case must be reversed and remanded.

In social security cases, it is important for an ALJ to evaluate a claimant's GAF score or scores in determining whether that claimant is disabled due to a mental impairment. GAF scores range from 0 to 100. Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). The Eighth Circuit has repeatedly held GAF scores must be carefully evaluated when determining a claimant's RFC. *See, e.g., Conklin v. Astrue,* 360 F. App'x. 704, 707

(8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires v. Astrue,* 564 F.3d 935, 944-45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50).

Indeed, a GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 (*quoting* Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)). A GAF score of 40 to 50 also indicates a claimant suffers from severe symptoms. Specifically, a person with that GAF score suffers from "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).

In the present action, Plaintiff was evaluated on October 12, 2010 by Dr. R. Tom Wright, Ph.D. (Tr. 495-502). Dr. Wright diagnosed Plaintiff with bipolar disorder and found her GAF to be 50. (Tr. 500). Dr. Wright also found that "at [the] most depressed point of [her] mood cycle," her GAF was 32. *Id.* Plaintiff also received treatment for her bipolar disorder from Behavioral Healthcare of Rappahannock-Rapidan from July of 2008 through October of 2008. (Tr. 571-592). Although these records are dated prior to the date her application was filed, these records can provide an indication of Plaintiff's limitations. Notably, on July 9, 2008, Plaintiff was found to have a GAF score of only 45. (Tr. 590).

Her testimony regarding her limitations is also consistent with these low GAF scores. (Tr.

25-54). Plaintiff testified she currently takes several different medications for her bipolar disorder, including Zoloft, Haloperidol, and Lamotrigine. (Tr. 39). Plaintiff testified these medications do not control her symptoms. (Tr. 39-40). Plaintiff testified that during her manic phase, she is unable to "sleep for days at a time." *Id.* Plaintiff testified that during her depressive stage, she is unable "to do daily things," cries, and does not want to be around people. (Tr. 40).

In his opinion, the ALJ ignored these low GAF scores. (Tr. 15-23). Notably, the ALJ summarized Dr. Wright's findings but did not consider Dr. Wright's determination that Plaintiff only had a GAF score of 50 during that appointment with her lowest GAF score being 32. (Tr. 500). Further, the ALJ did not consider the other low GAF scores in the record. *See, e.g.,* Tr. 590 (GAF of 45). Because the ALJ was required to evaluate and provide a reason for discounting these low GAF scores but did not do so, Plaintiff's case must be reversed and remanded for further development of the record on this issue. *See Pates-Fires,* 564 F.3d at 944-45.

### 4. Conclusion:

Based on the foregoing, the undersigned recommends that the decision of the ALJ, denying benefits to Plaintiff, should be reversed and remanded.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

ENTERED this 10th day of May 2013.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE